Nick's Poultry, Inc. v Seaman Radio Dispatcher, Inc. (2021 NY Slip Op 05463)





Nick's Poultry, Inc. v Seaman Radio Dispatcher, Inc.


2021 NY Slip Op 05463


Decided on October 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 12, 2021

Before: Renwick, J.P., Kern, Oing, Rodriguez, JJ. 


Index No. 29146/17 Appeal No. 14345 Case No. 2021-00055 

[*1]Nick's Poultry, Inc., Plaintiff,
v
Seaman Radio Dispatcher, Inc., et al., Defendants-Respondents, R&G Associates, LLC, Defendant-Appellant, XYZ Insurance, et al., Defendants.


Foran Glennon Palandech Ponzi & Rudloff, P.C., New York (Joseph W. Szalyga of counsel), for appellant.
The Law Offices of Heriberto J. Rodriguez, PLLC, Bronx (William H. Grae of counsel), for respondents.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered June 22, 2020, which denied defendant R&G Associates, LLC's motion for summary judgment dismissing the complaint and all cross claims as against it, with leave to renew after the completion of all discovery, unanimously affirmed, without costs.
In 1995, plaintiff Nick's Poultry, Inc. entered into a commercial lease to operate a live poultry market in the property owned and managed by defendants Seamans. Plaintiff's poultry shop suffered damage when a retaining wall at the back of the Seaman property collapsed during a heavy rainstorm. Plaintiff commenced this action to recover damages against defendants Seamans and defendant R&G Associates, LLC, the owner of the adjacent real property located at a higher elevation on the far side of the retaining wall. Defendants Seamans filed a cross claim against defendant R&G Associates, alleging that excavation or renovation coordinated by R&G on its premises undermined the retaining wall, changing the water flow on defendants Seamans' property.
Defendant R&G's motion for summary judgment was properly denied. R&G failed to meet its prima facie burden to establish that it had no duty to maintain the collapsed retaining wall. Specifically, it submitted no affidavit by anyone with personal knowledge or expertise about the retaining wall's ownership. Nor did R&G's moving papers address the allegations of the cross claim that excavation or renovation work on its premises undermined the retaining wall. R&G's motion was also made before any depositions had been taken and thus was properly denied as premature (CPLR 3212[f]; see Cannon v New York City Police Dept., 104 AD3d 454, 454 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2021